Gery G. ELLIBEE,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4631)

Oral argument on the parties' motions was held August 27, 2003, by telephone.

Gery G. Ellibee, Plaintiff (taxpayer) filed the motions and argued the cause *pro se*.

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed the motions and argued the cause for Defendant.

Decision for Defendant rendered October 9, 2003.

## HENRY C. BREITHAUPT, Judge.

## I. INTRODUCTION

Plaintiff (taxpayer) has filed a complaint calling into question a magistrate decision regarding appeals relating to income tax, penalties, and interest for tax years 1995, 1996, 1997, and 1998.

Defendant Department of Revenue (the department) has moved for summary judgment with respect to taxpayer's complaint and further requested an award of damages under ORS 305.437[1] and attorney fees under ORS 20.105(1).

A summary of matters by year may be helpful.

A. *Tax Years: 1995 and 1996*

No issues of fact are raised by the pleadings, affidavits, or other filings of the parties. As to those years, taxpayer's contention, based on IRC section 861, is that income received by a citizen of the United States in respect of work performed within the United States is not subject to taxation.

With respect to the 1996 year, the department has also asserted that its assessment of tax did not include certain gains in the disposition of stocks or bonds by taxpayer. The department points out that ORS 305.575 provides this court with jurisdiction to determine the correct amount of deficiency regardless of the amount contained in the department assessment. The department submitted an affidavit regarding such sales of stocks or bonds, and facts related thereto. Taxpayer filed no countervailing assertions or affidavits.

B. *Tax Years: 1997 and 1998*

The department's Motion For Summary Judgment as to those years is based upon the assertion that taxpayer's

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1995.

complaint in this court, at the Magistrate Division, was untimely under ORS 305.280(2).

## C. *Frivolous Damages and Attorney Fees*

The department has requested an award of frivolous appeal damages under ORS 305.437 and an award of attorney fees under ORS 20.105(1). The basis for those claims is that taxpayer's position in this matter is frivolous or groundless and has no objectively reasonable basis.

## II. DISCUSSION

The court's analysis of those matters will again be organized by subject matter or year in reverse chronological order.

## A. *Tax Years: 1997 and 1998*

As to those years, the uncontested facts are that the department's notices of assessment were issued in April 2001 and June 2001, respectively. It was not until January 15, 2002, that taxpayer filed his appeal from those notices of assessment with this court. Those filings by taxpayer were beyond the time permitted under ORS 305.280(2) and must be dismissed.

## B. *Tax Years: 1995 and 1996*

■ Taxpayer seeks some benefit from the provisions of IRC section 861 and, through a convoluted series of arguments, attempts to show that those provisions result in a conclusion that compensation for personal services rendered in Oregon is somehow not subject to taxation. Taxpayer's conclusion and logic are equally flawed. The idea that individual or multiple provisions of the IRC would result in compensation for personal services paid to a citizen of a state and the United States not being subject to taxation at the federal or state levels is entirely frivolous and without an objective foundation. Taxpayer's particular reliance on IRC section 861 is fundamentally flawed because that provision only provides definitions for income sources. Those definitions then are to be applied under IRC sections 871 and 881, in connection with the imposition of tax on nonresident aliens and foreign corporations respectively. Taxpayer is concededly neither a nonresident alien nor a foreign corporation.

■     As to the 1996 tax year, taxpayer has not rebutted the factual matters contained in affidavits submitted by the department with respect to an addition to tax based on sale of stocks and bonds during the 1996 year by taxpayer. Taxpayer has raised no legal objection to the assertion of additional tax and this court has jurisdiction to find the correct amount of tax. ORS 305.575. The court finds that the department's assertions are factually and legally correct.

C.  *Frivolous Appeal Damages and Attorney Fees*

■     As stated above, the overall result that taxpayer seeks to establish, tax-free compensation for personal services, is completely and utterly outside the realm of reasonable thinking and legal reality. His particular argument for achieving that result, reliance on IRC section 861, is similarly fundamentally flawed. If taxpayer had spent one hour (perhaps even less) with a competent tax advisor, he would have easily found out that his strategic and tactical positions were without foundation in the law. Taxpayer apparently made no such attempt to check the reasonableness of his positions. The court finds taxpayer's positions to be frivolous, groundless, and without any objectively reasonable basis.

### III.  CONCLUSION

For the reasons discussed above, the court concludes that the department's pending motions in this matter should be granted, and taxpayer's pending motion for stay of payment of taxes, penalties, and interest is rendered moot. Now, therefore,

IT IS ORDERED that Defendant's Motion For Summary Judgment is granted, and

IT IS FURTHER ORDERED that Defendant's Motion For Frivolous Appeal Damages is granted and Defendant is awarded damages in the amount of $5,000, and

IT IS FURTHER ORDERED that Defendant's Motion For Attorney Fees is granted, and Defendant is awarded attorney fees, and

IT IS FURTHER ORDERED that taxpayer's motion for stay of taxes, penalties, and interest is denied as moot.