IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

RANDALL JOHN CALLISON )
aka Randy J. Callison, )
)
Plaintiff, ) TC-MD 140034N
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **FINAL DECISION**

The court entered its Decision in the above-entitled matter on May 20, 2014. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. On May 21, 2014, Plaintiff filed a Motion to Dismiss Complaint and Seal Case (Motion). As of the date of this Final Decision, Defendant has not filed a response to Plaintiff's Motion. The court's Final Decision incorporates its Decision of Dismissal without change and includes the court's determination of Plaintiff's Motion in section III.

Plaintiff filed his Complaint on February 4, 2014, challenging Defendant's Distraint Warrant issued November 28, 2012, for the 2009 tax year. (Ptf's Compl at 3.) A case management conference was held in this matter on March 11, 2014, during which the parties discussed Plaintiff's appeal and agreed to file written arguments. The agreed-upon briefing schedule is now closed and this matter is ready for decision.

/ / /

/ / /

/ / /

/ / /

## I.  STATEMENT OF FACTS

A.      *Plaintiff's Arguments in Support of Requested Relief*

Plaintiff attached to his Complaint a Distraint Warrant issued November 28, 2012, for the 2009 tax year and a Notice of Abatement issued on August 21, 2012, for the 2009 tax year, the latter of which states,

> "We've made changes to your liability based on your contact with the department. Your balance is now zero.  Thank you for the information regarding our Notice of Assessment.  I am canceling the assessment."

(Ptf's Compl at 2.)  In his Complaint, Plaintiff requests that Defendant "[r]escind the Distraint Warrant recorded at Deschutes County" based on the Notice of Abatement "cancelling the assessment and zero balance."  (*Id.* at 1.)

Plaintiff asserts that "The Notice of Abatement states without question that based on the information [Plaintiff] gave [Defendant] that the balance is now zero. * * * The changes to * * * Plaintiff's liability resulting in a zero balance can only call for one conclusion, that * * * Plaintiff had no liability for 2009."  (Ptf's Corrected Arguments in Opp'n at 1.)  Plaintiff's remaining arguments question Oregon's authority to impose an income tax on the wages of residents of this state.  (*Id.* at 2-3.)  Plaintiff argues that the only income that may be taxed under the Internal Revenue Code is that of "U.S. citizens living and working abroad and nonresident aliens."  (*Id.* at 3.)  Because Oregon begins with federal taxable income to determine Oregon taxable income, Plaintiff concludes that he is not liable for Oregon income taxes on residents.  (*Id.* at 4.)

B.      *Defendant's Arguments*

In its Answer and Response to Plaintiff's Arguments in Opposition, Defendant explained that, for the 2009 tax year, Defendant issued at least two notices of liability, which Defendant refers to as "liability 2" and "liability 3."  (Def's Ans at 1.)  Defendant clarified that "liability 3"

was abated after it determined that it was a duplicate of "liability 2." (Def's Resp to Arguments in Opp'n at 1.) "Liability 2" was never fully abated, though it was reduced based on Plaintiff's Oregon tax withheld in 2009. (*See id.* at 1-2.) Defendant acknowledged that the wording of its "form letters" and notices may, at times, cause confusion. (*Id.* at 3.) To remedy any confusion in this case, Defendant's representatives corresponded with Plaintiff on six occasions in 2012 and 2013. (*Id.*)

1.     *Liability 2*

Defendant wrote that, on his 2009 income tax return, Plaintiff "did not include, as taxable income, the wages he received from New Seasons Markets but * * * did include the Oregon state taxes withheld from his wages. He did not include a copy of his W2 from New Seasons Market to verify the taxes withheld." (Def's Ans at 1.) Defendant adjusted Plaintiff's 2009 return, adding Plaintiff's 2009 wages of $29,392 as Oregon taxable income and disallowing "the claimed taxes withheld because they could not be verified." (*Id.*) Based on Defendant's adjustments, "[a] deficiency was set up on tax year 2009, liability 2, for the tax owing and included a $250 frivolous return fee. This deficiency was assessed on February 15, 2011." (*Id.*)

On November 19, 2013, Plaintiff "provided a copy of his W2 from New Seasons Market showing the Oregon taxes withheld from his 2009 wages[,]" so Defendant "added [the withholding] to [Plaintiff's] account." (*Id.* at 2.)

2.     *Liability 3*

On May 16, 2012, Defendant "received a federal Revenue Agent Report (RAR) from the IRS showing [it] added taxable income to [Plaintiff's] 2009 return for wages received from New Seasons Market. The report was processed [by Defendant] creating a deficiency on tax year 2009, liability 3. This liability was assessed on July 17, 2012." (Def's Ans at 1.) On August 21,

2012, Defendant issued a Notice of Abatement to Plaintiff for liability 3 based on its realization that liability 3 "was a duplicate [of] the liability set for tax year 2009, liability 2." (*Id.*)

## II. ANALYSIS

Plaintiff requests that the court order Defendant to rescind its Distraint Warrant for the 2009 tax year based on the Notice of Abatement, also issued for the 2009 tax year, stating that the assessment is canceled and the balance is zero. As Defendant acknowledged, the language of its Notice of Abatement is not as clear as it could be, particularly with respect to identifying the deficiency that had been abated. Nevertheless, Defendant's authorized representative provided a clear explanation to Plaintiff verbally during the case management conference and in writing in its Answer and Response to Plaintiff's Arguments in Opposition. The burden of proof falls on Plaintiff to prove that he, in fact, paid his 2009 Oregon income tax liability. *See* ORS 305.427[1] ("[t]he burden of proof shall fall upon the party seeking affirmative relief"). Plaintiff has not asserted or offered any evidence that he paid his original Oregon income tax liability owing for the 2009 tax year, which was assessed based on Plaintiff's failure to report his Oregon wages.

As a secondary argument, Plaintiff asserts that he is not liable for Oregon income taxes on his wages because he was neither a U.S. citizen living and working abroad nor a nonresident alien in 2009. In *Ellibee v. Dept. of Rev.*, 17 OTR 226, 228 (2003), this court addressed arguments similar to those made by Plaintiff in this case:

> "Taxpayer seeks some benefit from the provisions of IRS section 861, and through a convoluted series of arguments, attempts to show that those provisions result in a conclusion that compensation for personal services rendered in Oregon is somehow not subject to taxation. Taxpayer's conclusion and logic are equally flawed. *The idea that individual or multiple provisions of the IRC would result in the conclusion that compensation for personal services paid to a citizen of a state and the United States is not subject to taxation at the federal or state levels is entirely frivolous and without an objective foundation.* Taxpayer's particular

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

reliance on IRC section 861 is fundamentally flawed because that provision only provides definitions for income sources. Those definitions then are to be applied under IRC sections 871 and 881, in connection with the imposition of tax on nonresident aliens and foreign corporations, respectively. Taxpayer is concededly neither a nonresident alien nor a foreign corporation."

(Emphasis added.) The court concluded that "the overall result that taxpayer seeks to establish, tax-free compensation for personal services, is completely and utterly outside the realm of reasonable thinking and legal reality." *Id.* at 229. Similarly, Plaintiff's argument in this case that he is not liable for Oregon income taxes on his Oregon-source wages is without merit.

### III. PLAINTIFF'S MOTION TO DISMISS COMPLAINT AND SEAL CASE

In his Motion, Plaintiff "move[s] the court to dismiss filed complaint and to request the sealing of the case." The court considers Plaintiff's request to dismiss his complaint as a request for reconsideration. Under TCR-MD 17 B, "[f]ollowing issuance of a written decision * * * the [Magistrate Division] will not accept motions for reconsideration * * *[.]" Plaintiff's request to dismiss his Complaint must, therefore, be denied.

Plaintiff's other request is to "seal" this case. State law does not automatically protect Tax Court records from disclosure or from publication on the internet. Most court records, including Tax Court records, are open to the public unless a state statute or a court order makes the record or part of the record confidential. Plaintiff did not identify a statute or rule supporting his request. As a result, Plaintiff's request to seal this case must be denied.

### IV. CONCLUSION

After careful consideration, the court concludes that Plaintiff has not presented any evidence or legal argument in support of his requested relief. Plaintiff's Motion to Dismiss Complaint and Seal Case is denied. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

IT IS FURTHER DECIDED that Plaintiff's Motion to Dismiss Complaint and Seal Case is denied.

Dated this ____ day of June 2014.


_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on June 6, 2014. The court filed and entered this document on June 6, 2014.*