IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

THEODORE P. MOFFITT )
and SUPRIYA SHANBHAG, )
)
      Plaintiffs, )   TC-MD 160037N
)
  v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
      Defendant. )  **FINAL DECISION**[1]

Plaintiffs appeal Defendant's Notice of Deficiency Assessment dated November 17, 2015, for the 2014 tax year.

Defendant's Answer was filed on March 21, 2016, which was more than 30 days after the Complaint was served on Defendant.[2] On March 25, 2016, Plaintiffs filed a Motion for Default Judgment. In an Order issued April 8, 2016, the court denied Plaintiffs' Motion for Default under TCR-MD 7 G[3] because Defendant's Answer had been filed at the time Plaintiffs filed their Motion for Default. The court's Order is hereby incorporated in this Decision.

Defendant filed its Motion for Summary Judgment on April 1, 2016. (Def's Motion) During the case management conference held on April 6, 2016, the court instructed the parties to file a joint written status report with a proposed briefing schedule to address the issues presented in this appeal. On April 18, 2016, the parties filed a Status Report proposing deadlines for the submission of written arguments. On April 15, 2016, Plaintiffs filed a Second Motion for

---

[1] This Final Decision incorporates without change the court's Decision, entered September 28, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The Notice of Filing establishes that the Complaint was served on Defendant on February 9, 2016.

[3] Tax Court Rule-Magistrate Division.

Default Judgment (Ptfs' Motion), which the court understands to include Plaintiffs' written arguments in support of its position. Defendant filed Responses to Plaintiffs' Motion on April 25, 2016, and May 4, 2016. This matter is now ready for decision.

## I. STATEMENT OF FACTS

Plaintiffs timely filed their "self-prepared 2014 Oregon tax return" reporting "$0 federal adjusted gross income, $0 Oregon taxable income, $0 net Oregon tax, $9,141 of Oregon income tax withheld, and an Oregon tax refund of $9,141." (Def's Mot at 1; Def's Resp at Ex A-1, A-2, May 4, 2016.) A 2014 Form W-2 reported that Plaintiff Theodore P. Moffitt (Moffitt) received wages, tips, and other compensation of $125,750.05. (Def's Resp at Ex A-6, May 4, 2016.) That figure was crossed out and "0.00" was handwritten next to it with the initials "TPM." (*Id.*) Moffitt signed an Employee's Substitute Wage and Tax Statement (Substitute W-2) on April 8, 2015, asserting that Applied Materials, Inc. "filed incorrect information with a W-2 regarding 'wages.' " (*Id.* at Ex A-3.) Also on April 8, 2015, Moffitt signed a Corrected Form 1099-DIV reporting $-0- dividends. (*Id.* at A-5.) On April 8, 2015, Plaintiff Supriya Shanbhag signed a corrected Form 1099-MISC report $-0- in Nonemployee compensation. (*Id.* at A-4.)[4]

A. *Defendant's Adjustments to Plaintiffs' 2014 Oregon Income Tax Return*

Defendant adjusted Plaintiffs' 2014 Oregon tax return to increase their Oregon taxable income from $-0- to $150,108, and net Oregon income tax from $-0- to $12,284. (Def's Mot at 1.) Defendant determined Plaintiffs' tax-to-pay was $3,143. (*Id.*)

Moffitt made several arguments in support of Plaintiffs' claim that they owed no federal or Oregon income tax for the 2014 tax year. He argued that his "labor is [his] exclusive private property which [he has] traded by private contract in Oregon for renumeration [*sic*] with another

---

[4] Both the corrected 1099-DIV and the corrected 1099-MISC are 2015 forms. It is unclear if they are meant to pertain to the 2014 or 2015 tax year. (*See* Def's Resp at Ex A-4, A-5.)

private party in Oregon. These are not subject to federal regulation (IRC) because they are not related to 'trade or business' nor are they from sources within federal jurisdiction (territory); they are receipts from purely intrastate commerce in Oregon." (Compl at 2.) Moffitt asserts that he is "not claiming that the IRC on personal income is unconstitutional, rather [he] know[s] it is an excise tax made uniform throughout the union and it has ben [*sic*] upheld innumerable times by the courts." (*Id.* at 3.) Rather, he argues that he had "no federal taxable income." (*Id.*)

Plaintiffs attached to their Complaint a 17-page "Affidavit of Material Facts" which is identified as the copyrighted product of "Sovereignty Education and Defense Ministry." (Compl at 12–28.) The affidavit describes its purpose as "to develop legally admissible evidence in affidavit form upon which you may rely in making your determination about any alleged state or federal income tax liability." (*Id.* at 15.) Moffitt signed the Affidavit "American National, Nonresident alien." (*Id.* at 28.) Plaintiffs also attached a 23-page document entitled "Rules of Presumption and Statutory Interpretation Form Instructions." (*Id.* at 29–52.) The document is reportedly also the product of the "Sovereignty Education and Defense Ministry." (*See id.*)

Moffitt asserts that he is a "nonresident alien individual." (Ptfs' Mot at 2.) He looked to IRC section 871(a) to determine his federal tax liability and concluded he had none because he had "no income from sources within federal jurisdiction" and he "was not present at any time in the 'United States' (meaning the statutorily limited District of Columbia and all other federal territories) in the tax year of 2014." (*Id.* at 4.)

B.    *Penalties Imposed by Defendant*

Defendant imposed a 20 percent substantial understatement of taxable income penalty under ORS 314.402; a 100 percent intent to evade penalty under ORS 305.265(13) and ORS 314.400(6); and a $250 frivolous return penalty under ORS 316.992. (Def's Mot at 1;

Def's Resp at 2–3, May 4, 2016.)  Defendant asks the court to impose the penalty under

ORS 305.437 based on Plaintiffs' frivolous arguments.  (Def's Mot at 2.)  Defendant asserts that,

> "Prior to tax year 2014, the Plaintiffs had a long history of complying with Oregon's income tax laws.  When Plaintiff[s] first took frivolous tax positions, Defendant informed them that their new interpretations of Oregon's tax laws were incorrect.  Plaintiffs appear to be well educated and highly intelligent. * * * Plaintiffs are fully aware of their Oregon income tax obligation."

(Def's Resp at 1, May 4, 2016.)  Moffitt responded that he has "no willful intent to disobey any

requirement of the statute only a disagreement of construction."  (Compl at 3.)  He "object[s] to

allegations by the Defendant's claim of Frivolous Appeal."  (Ptfs' Mot at 5.)

## II.  ANALYSIS

The issues before the court are:  (1) whether the court should reconsider its denial of

Plaintiffs' first motion for default; (2) whether Plaintiffs are liable for 2014 Oregon income tax,

as determined by Defendant; (3) whether Plaintiffs are liable for the penalties imposed by

Defendant; and (4) whether a frivolous appeal penalty should be imposed under ORS 305.437.[5]

This matter is before the court on Defendant's Motion for Summary Judgment.  "The

court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions

on file show that there is no genuine issue as to any material fact and that the moving party is

entitled to prevail as a matter of law."  TCR 47 C.  As the party seeking affirmative relief,

Plaintiffs bear the burden of proof by a preponderance of the evidence.  ORS 305.427.  Plaintiffs

must demonstrate that either the factual or legal basis for Defendant's assessment is in error.

*Buras v. Dept. of Rev.*, 17 OTR 282, 285 (2004).

/ / /

/ / /

---

[5] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

A.    *Plaintiffs' Second Motion for Default Judgment*

Plaintiffs object to the court's Order denying its first motion for default, asserting that the court's Order "is a direct violation of the Plaintiffs' due process rights by not regarding all aspects of the very rule TCMD -2A[.]" (Ptfs' Mot at 1.) Plaintiffs argue that "Defendant has agreed with all the facts of the case as presented" in Plaintiffs' Complaint based on Defendant's failure to timely file its Answer and based on Defendant's assertion in its Motion for Summary Judgment that there are no material facts in dispute, only questions of law. (*Id.* at 1-2.) Defendant responds that TCR-MD 2 A does not support Plaintiffs' Motion because it "does not state that an Answer is void if not filed timely." (Def's Resp at 1, Apr 25, 2016.) The court agrees with Defendant and finds no basis to reconsider its prior Order issued April 8, 2016, denying Plaintiffs' Motion for Default Judgment.

B.    *Plaintiffs' Liability for 2014 Oregon Income Tax*

Under Oregon law, "[a] tax is imposed for each taxable year on the entire taxable income of every resident of this state." ORS 316.037(1)(a). Plaintiffs filed an Oregon full-year resident return for the 2014 tax year. Thus, there is no dispute that Plaintiffs were Oregon residents in 2014. The legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code relating to the measurement of taxable income of individuals * * *." ORS 316.007(1). Specifically, ORS 316.022(6) provides that under Oregon law, taxable income "means the taxable income as defined in subsection (a) or (b), section 63 of the [IRC.]" IRC section 63(a) states that taxable income is "gross income minus the deductions allowed by this chapter (other than the standard deduction)." Under IRC section 61(a), gross income is defined as "all income from whatever source derived," and specifically includes

/ / /

"[c]ompensation for services * * *." A Form W-2 reports that Moffitt received wages of $125,570.05 for the 2014 tax year.

Moffitt does not dispute that he received remuneration in 2014; rather, he contends that it was not taxable income. The court understands his arguments to be as follows: (1) his labor is his private property and, therefore, income received is not subject to federal taxation; (2) his income is not subject to federal taxation because it was not received in the United States, which he defines as including only the District of Columbia and the territories; and (3) he is a nonresident alien under IRC section 871 and, therefore, not subject to federal income taxation.

Plaintiffs' arguments have been addressed in numerous court opinions. Regarding his first two arguments, Revenue Ruling 2006-18 summarizes numerous court opinions:

> "Federal income tax laws do not apply solely to federal employees and persons residing in the District of Columbia, or federal territories and enclaves, and any contrary contention is frivolous. The terms 'employee' and 'wages' as used by the Internal Revenue Code apply to all employees, unless specifically exempted by the Internal Revenue Code."

*See also Olson v. U.S.*, 760 F2d 1003, 1004 (9th Cir 1985); *U.S. v. Collins*; 920 F2d 619, 621 (10th Cir 1990); *Taliaferro v. Freeman (Taliaferro)*, 595 F Appx 961, 963 (11th Cir 2014). Plaintiffs claim that they were "nonresident aliens" in 2014 is baseless under the facts. *See Taliaferro*, 595 F Appx at 963, citing IRC § 7701(b)(1)(B) ("an individual is a nonresident alien if such individual is neither a citizen of the United States nor a resident of the United States"). Taxpayers in prior appeals have claimed to be "nonresident aliens" and this court has rejected such claims as unsupported. *See, e.g., Ellibee v. Dept. of Rev. (Ellibee)*, 17 OTR 226, 228 (2003).

/ / /

/ / /

Plaintiffs received Oregon taxable income for the 2014 tax year. Plaintiffs presented no evidence that Defendant incorrectly calculated their 2014 Oregon taxable income. Defendant's Notice of Deficiency Assessment must, therefore, be upheld.

C.     *Penalties Imposed by Defendant*

Defendant imposed a 20 percent substantial understatement of taxable income penalty under ORS 314.402. Defendant is required under ORS 314.402 to impose a 20 percent penalty when it "determines that there is a substantial understatement of taxable income for any taxable year under any law imposing a tax on or measured by net income[.]" Under ORS 314.402(2)(a), "[a] substantial understatement of taxable income exists for any taxable year if the amount of the understatement for the taxable year exceeds" $15,000. Plaintiffs reported $-0- income for the 2014 tax year, whereas Defendant determined their taxable income was $150,108. Plaintiffs understated their taxable income by more than $15,000 for the 2014 tax year. Therefore, Defendant correctly imposed the 20 percent penalty under ORS 314.402(1).

Defendant imposed a 100 percent intent to evade penalty under ORS 305.265(13) and ORS 314.400(6). Under ORS 314.400(6), a "penalty equal to 100 percent of any deficiency determined by [Defendant] shall be assessed and collected if: * * * (b) A report or return was falsely prepared and filed with the intent to evade the tax[.]" Therefore, to be subject to the penalty, Plaintiffs' return must have been both (1) falsely prepared, and (2) filed with the intent to evade the tax. A return is falsely prepared if it is incorrect. *DeBoer v. Dept. of Rev. (DeBoer)*, TC-MD 140027N, WL 4783255 at *10 (Sept 25, 2014). Here, Plaintiffs prepared a zero return, claiming no income for the 2014 tax year. As discussed above, that was clearly incorrect. The court finds Plaintiffs' 2014 Oregon income tax return was falsely prepared.

/ / /

This court has previously construed the "intent to evade" standard in ORS 314.400(6) and concluded that "tax fraud case law [is] persuasive authority in applying the 'intent to evade' standard." *DeBoer,* 2014 WL 4783255 at *11. "Fraud is never presumed." *Conzelmann v. N.W.P. & D Prod. Co*, 190 Or 332, 350, 225 P2d 757 (1950). "The existence of fraud is a question of fact to be resolved upon consideration of the entire record." *DeVries v. Comm'r (DeVries)*, 102 TCM (CCH) 125, WL 3418248 at *5 (2011) (citations omitted). Because direct evidence of a plaintiff's intent to evade tax is rarely available, courts typically consider circumstantial evidence, known as the "badges of fraud," which include "(1) understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealing assets; and (6) failure to cooperate with tax authorities." *Edelson v. Comm'r*, 829 F2d 828, 832 (9th Cir 1987) (citations omitted). Courts have found other circumstantial evidence of the intent to evade to be persuasive, including: a plaintiff's prior compliance with filing requirements (*e.g.,* properly filing income tax returns in prior years), particularly when followed by an extended period of failing to file; a plaintiff's filing of false W-4 forms; a plaintiff's testimony that seems implausibly forgetful or evasive; a plaintiff's destruction or loss of records; and a plaintiff's failure to comply with the taxing authorities' efforts to determine income. *DeVries*, 2011 WL 3418248 at **5–8; *Granado v. Comm'r*, 792 F2d 91, 93 (7th Cir 1986); *Harrell v. Comm'r*, 75 TCM (CCH) 2458, WL 310918 at **5–7 (1998); *United States v. McCarville,* WL 22327931 at **8–9 (ED Wis, Aug 21, 2003).

This court has previously considered whether the intent to evade penalty was applicable to a plaintiff who made frivolous arguments that his compensation was not taxable; filed a zero return; and submitted an amended Form 1099-MISC reporting zero nonemployee compensation. *See Gossack v. Dept. of Rev. (Gossack)*, TC-MD 140320N, WL 122262 (Jan 8, 2015). On those

facts, this court found that the plaintiff was subject to the intent to evade penalty under ORS 314.400(6). The same facts are present in this case. Additionally, Defendant asserted that Plaintiffs have complied with Oregon's tax laws in prior tax years. Notwithstanding Moffitt's assertion that he had no "willful intent to disobey" any laws, the court concludes that its reasoning in *Gossack* is applicable in this case. Defendant properly imposed the 100 percent intent to evade penalty under ORS 314.400(6).

Defendant imposed a $250 frivolous return penalty under ORS 316.992(1), which states:

"[Defendant] shall assess a penalty of $250 against any individual who files what purports to be a return of the tax imposed by this chapter but which:

"(a) Does not contain information on which the substantial correctness of the self-assessment may be judged; or

"(b) Contains information that on its face indicates that the self-assessment is substantially incorrect."

ORS 316.992(2)(a) states that the penalty may be imposed "only if the conduct referred to in subsection (1) of this section is due to[,]" among other things, "[a] position which is frivolous[.]" Defendant acted within its authority when it imposed the penalty under ORS 316.992 and the court agrees that Plaintiffs' zero return was filed based upon a frivolous position.

D.      *Frivolous Appeal Penalty Under ORS 305.437*

ORS 305.437(1) states: "Whenever it appears to the Oregon Tax Court * * * that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue * * *." A taxpayer's position is frivolous if "there was no objectively reasonable basis" for taxpayer's "claim, defense or argument[.]" ORS 305.437(2). Although Plaintiffs may genuinely believe their position is correct, that does not make it objectively reasonable. *Clark v. Dept. of Rev.*, 332 Or 236, 237, 26

/ / /

P3d 821 (2001) (holding that the taxpayer's views "however honestly held, are so incorrect as to render legal arguments based on them frivolous").

As discussed above, Plaintiffs' arguments have been refuted and found to be frivolous many times by many courts. "The idea that individual or multiple provisions of the IRC would result in compensation for personal services paid to a citizen of a state and the United States not being subject to taxation at the federal or state levels is entirely frivolous and without an objective foundation." *Ellibee*, 17 OTR at 228. The court finds that Plaintiffs are subject to the penalty under ORS 305.437 and hereby imposes a penalty of $500.

## III. CONCLUSION

After careful consideration, the court concludes Plaintiffs' Second Motion for Default Judgment is denied. The court further concludes that Plaintiffs were subject to Oregon income tax for the 2014 tax year and Defendant's Notice of Deficiency Assessment must be upheld. The court further concludes that Defendant properly imposed penalties under ORS 314.402; ORS 314.400(6); and ORS 316.992(1). Defendant's Motion for Summary Judgment is granted. The court finds that Plaintiffs' position in this matter is frivolous and imposes a $500 penalty under ORS 305.437. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Second Motion for Default Judgment is denied.

IT IS FURTHER DECIDED that Defendant's Motion for Summary Judgment is granted. Defendant's Notice of Deficiency Assessment issued for the 2014 tax year, including the penalties imposed, is upheld.

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiffs shall pay a penalty of $500 to Defendant pursuant to ORS 305.437.

Dated this ____ day of October, 2016.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on October 18, 2016.*